Exhibit 1 to Exhibit A

Filing # 123260140 E-Filed 03/17/2021 01:33:56 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-021724-CA-01
SECTION: CA43
JUDGE: Michael Hanzman

**ALLORA HOLDINGS LLC,**

Plaintiff(s),

vs.

**ILON CONSULTING CORPORATION, et al.,**

Defendant(s).
_____/

### RECEIVER'S REPORT REGARDING POTENTIAL LITIGATION CLAMS OF THE COMPANY AND RECEIVERSHIP ESTATE

In accordance with this Court's *Order (1) Continuing Hearing on Motion for Entry of Order Terminating Receivership and for Discharge and Release of Receiver and Receiver's Professionals; (2) Scheduling Status Conference and (3) Granting Related Relief I* dated February 23, 2021 (the "Order") the receiver, Marta Alfonso (the "Receiver") and her counsel, Berger Singerman LLP ("Berger Singerman"), submit this report (the "Report") regarding the potential claims and causes of action of MasQd, LLC (the "Company"). This Report also includes a summary of the assets and liabilities of the receivership estate as of March 17, 2021.

### Introduction

1. Pursuant to the Order, the Court authorized and directed the Receiver and Berger Singerman to conduct an analysis of the potential claims and causes of action of the Company. In accordance with the Order, the Receiver and her professionals have (a) reviewed the Company's historical transactions, including its transactions with insiders; (b) reviewed the pleadings filed by the parties in this case, including the exhibits annexed to those pleadings; (c)

interviewed representatives of the Plaintiff and Defendants, including their counsel and other advisors; (d) met with the Company's intellectual property counsel, Capes Sokol; and (e) reviewed other information regarding the businesses operated by affiliates of the Company's members. The Receiver has not conducted formal discovery, which the Receiver and her counsel view as being outside the mandate contained in the Order.[1] Accordingly, while this Report identifies various causes of action available to the Company, other claims and causes of action may hereafter be discovered. Similarly, this Report does address the defenses that may or will be asserted in response to any such claims and causes of action. The Receiver retains the right to supplement or amend this Report.

## Summary of Assets and Liabilities of the Receivership Estate

2. Preliminarily, the Receiver provides the following information regarding the assets and liabilities of the receivership estate. On February 12, 2021, the Receiver closed on the sale of the Company's personal property (excluding claims and causes of action of the Company) to Maddjaxx, LLC ("Maddjaxx" or "Buyer") and received $1,040,000 in cash proceeds. As of the date hereof, the Receiver holds $1,432,391 in cash. The liabilities of the receivership estate are summarized on the attached **Exhibit A** and range from $1,119,861 to $1,237,056. The post-receivership liability to Sewby, LLC ("Sewby") was calculated by reconciling the amount of inventory received at Whitebox from and after the date of the Receivership Order against the invoices presented by Sewby to the Receiver. There is a dispute as to $117,195 in post-receivership invoices.

---

[1] The Plaintiff commenced this case on by filing its original complaint on October 7, 2020, which it amended on October 4, 2020. The Defendants filed counterclaims and a third-party complaint on November 10, 2020. As of the date hereof, none of the parties has conducted meaningful discovery; no depositions have been taken.

2

## Potential Claims and Causes of Action

**I.    Claims Against All Members for Unlawful Distributions.**

3. Jaleh Factor ("Factor") and Slava Furman ("S. Furman") formed the Company on April 2, 2020 and entered into the *Operating Agreement for Masqd, LLC* (the "Operating Agreement"). A copy of the Operating Agreement is attached as <u>Exhibit A</u> to Plaintiff's First Amended Complaint.

4. Factor and S. Furman are both managers of the Company.

5. After the Company was formed, (a) Factor transferred her 50% interest to Plaintiff, Allora Holdings, LLC; (b) S. Furman transferred 5% of his 50% interest to his mother, Diana Furman; and (c) S. Furman transferred his remaining 45% interest to Ilon Consulting, Inc. ("Ilon"). Notwithstanding these transfers of their member interests, Factor and S. Furman continue to serve as managers of the Company.

6. The Company generated significant sales. For the period ending September 30, 2020, the Company generated $15 million in revenue.

7. Notwithstanding, the Company and its members failed to account for and pay significant liabilities of the Company. While the Company booked sales in 48 states and the District of Columbia through various e-commerce platforms, the Company and its members failed to file sales tax returns in those jurisdictions and did not pay or otherwise reserve for the Company's sales tax liabilities.

8. Based on the gross revenues realized by the Company prior to her appointment, the Receiver estimates that the Company's sales tax liability approximates $865,775, exclusive of penalties and interest that may be imposed under applicable law.

9. In addition, the Company used an American Express credit card to pay for certain

expenses. The American Express credit card was procured and guaranteed by Ms. Factor. American Express asserts that it is owed $385,204.37 as of February 17, 2021, for charges that pre-date the appointment of the Receiver.

10. Notwithstanding these liabilities, between April 28, 2020 and September 11, 2020, the Company made distributions to its members totaling $4,909,205 (the "Improper Distributions") as follows: (a) $2,514,920 to Allora Holdings; (b) $2,171,795 to Ilon; and (c) $222,500 to Diana Furman. The amount and date of the Improper Distributions are identified on the attached **Exhibit B**. The Receiver believes that the Company was insolvent at the time the distributions were made or was rendered insolvent by the making of the distributions. The Company was not paying its debts as they ordinarily came due and, upon information and belief, the amount of the Company's liabilities exceeded the fair value of its assets.[2]

11. Thus, the Receiver submits that there are *prima facie* claims for the avoidance and recovery of the distributions. *See* Fla. Stat. § 605.0405(1)(a) and (b).

## II. Claims Against Managers for Breach of Fiduciary Duties.

12. Factor and S. Furman are managers of the Company. Management of the Company is vested exclusively in them. Operating Agreement, § 3.1(A). As managers each of Factor and S. Furman owed the Company a duty of loyalty and a duty of care. The Company has *bona fide* claims against each manager for breaches of the foregoing duties.

---

[2] The Company did not maintain audited financial statements. Based on her review of the Company's records maintained on Quickbooks, and after making adjustments for the Company's unreported liabilities, the Company appears to have been balance sheet insolvent on the dates it made the distributions to its members. The authority granted to the Receiver by the Order and the *Order Appointing Receiver* dated October 19, 2020 does not include the Receiver conducting a detailed, forensic analysis of the Company's financial records.

a.  **Putative Breaches by S. Furman[3].**

13. After forming the Company, S. Furman caused the Company to open an account at PNC Bank in New York. Only S. Furman had signatory authority over the Company's account at PNC Bank.

14. In violation of Section 4.3 of the Operating Agreement and Florida law, S. Furman authorized and caused the Company to make each of the Improper Distributions without first paying or reserving for the Company's liabilities.

15. In so doing, S. Furman breached his duty of care as a manager of the Company.

16. As a result of the breach, S. Furman is liable in damages to the Company.

17. The Company may also have claims for S. Furman's breach of his duty of loyalty in connection with the matters giving rise to the Lanham Act claims (described below).

b.  **Potential Breaches by Factor.**

18. On January 14, 2021, Factor downloaded a copy of the Company's customer list maintained by the Company on Klaviyo.

19. Upon learning of the download, the Receiver made demand upon Factor for the return of the customer list.

20. In response to the demand, Factor's represented that Factor had downloaded the list solely to preserve the Company's records and for no other purpose. The Receiver requested that Factor submit a statement, under oath, attesting that she downloaded the customer list to preserve evidence and that the customer list would be not be used for any other purpose.

---

[3] Allora Holdings also asserts that S. Furman beached his duties to the Company by diverting a portion of the Company's revenue to other businesses owned or controlled by him. The Receiver has not been able to confirm or deny the veracity of these allegations and, therefore, makes no findings or recommendations at this time with respect to these claims. Conversely, S. Furman contends that Factor breached her fiduciary duty to the Company because her ownership and control of Sewby, LLC ("Sewby") placed her in conflict with the Company, particularly given Sewby's alleged failure to provide product to the Company at cost and its failure to timely fulfill orders. Each of S. Furman and Factor deny that they breached any duty to the Company.

5

21. While Factor submitted a certification to the Receiver, the certification did not contain a statement attesting to the fact that the customer list would not be used for any other purpose.

22. Despite a subsequent request by the Receiver, Factor has not provided an updated attestation containing the foregoing certification.

23. Factor owns, controls or operates a competing business, "Lezat," that also sells re-usable masks through e-commerce platforms.

24. Factor owes a duty of loyalty to the Company. The use of the customer list for any purposes outside of the business of the Company constitutes a breach of her duty of loyalty. If the customer list is used by Lezat, Factor is liable in damages to the Company.

25. Additionally, downloading the customer list without the prior authorization of the Receiver constitutes a violation of the October 19, 2020 Receivership Order which provides, in pertinent part, as follows:

> "The Members, Slava, Noli Yoga, the Allora Parties and their principals, and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above."

### III. Claims Against Others.

#### a. Potential Claims Against Sewby.

26. Sewby was the Company's largest supplier of face masks. The Company's records reflect that it paid Sewby $2,204,000 including $290,000 paid to Sewby by the Receiver following her appointment.

27. There is evidence to support a claim that Sewby could not, and did not, fulfill its

obligations to the Company[4].

28. Sewby had the obligation to manufacture and ship the facemasks purchased by the Company and its customers. Online reviews of the Company and its products include multiple complaints by customers stating that the Company had not delivered the product they purchased, often weeks after the customer paid for the order(s) in full.[5]

29. The Company sustained damages as a result of Sewby's failure or inability to fulfill customer orders, including increased advertising costs on Facebook and other social media channels.[6]  S. Furman contends that as result of Sewby's failure or inability to supply masks, the Company has suffered the following damages:

- $99,954.94 gift cards for missing or late shipments, and/or vendor concessions;

- $130,638.80 in chargebacks; and

- Approximately $31,500.00 in fees assessed by Shopify for chargebacks, at $15 per chargeback.

30. S. Furman also alleges that Sewby breached its agreement to provide product to the Company at cost because Sewby included certain of its general and administrative expenses as part of its cost. S. Furman has also provided information to the Receiver indicating that the materials Sewby sold to the Company could be procured at a lower cost than that which Sewby charged the Company. The inclusion of general expense in Sewby's cost is permitted under Generally Accepted Accounting Principles and, therefore, the Receiver does not dispute these

---

[4] Sewby contends that S. Furman, who had exclusive control of the Company's e-commerce accounts, had the obligation to monitor and accurately report inventory that was available for sale, such that if product was not available it should have been identified as "sold out" on the Company's web site and other sale platforms. Sewby contends that the delay in fulfillment is attributable to S. Furman's dereliction of duty.  These allegations should be explored in discovery.

[5] Exhibits 1 – 8 of the counterclaim are examples of the reviews and complaints lodged against the Company on-line and through the Better Business Bureau and also include notices from Shopify and AfterPay that the Company's accounts with those service providers had been suspended based on the negative reviews submitted by customers.

[6] The Receiver has not yet performed a detailed damage analysis for all of the claims or causes of action identified in this Report.

charges. Whether Sewby inflated its cost beyond its inclusion of general and administrative expenses in the invoices it submitted to the Company is disputed and should be the subject of discovery.

### b.  Lanham Act Claims.

31. In September of 2020 (prior to appointment of the Receiver), the Company became aware that a newly formed business, MASKC, LLC, was selling face masks under the name and trademark "MASKC", which is confusingly similar to the Company's name and federally registered trademark "MASQD" (U.S. Trademark Reg. Nos. 6233444 and 6233439). MASKC, LLC was (and still is) selling its MASKC-branded face masks through the same e-commerce marketing channels and to the same customers as the Company.

32. On October 1, 2020, the Company at the direction of Factor, and through counsel David Pierce, sent a demand letter to MASKC, LLC asserting that MASKC, LLC was causing confusion between the brands and, therefore, had committed trademark infringement and unfair competition, among other claims.

33. On October 2, 2020, S. Furman wrote to David Pierce by e-mail to express his dissatisfaction that the demand letter had been sent. In that e-mail, S. Furman stated that the accused infringer, MASKC, LLC, was one of the companies that one of his "consulting firms engages in business with."

34. Based on a preliminary investigation, MASKC, LLC began using the MASKC name and trademark in September 2020, approximately five months after the date of first use of the MASQD Trademark by the Company.

35. The preliminary investigation indicates that MASKC, LLC's sales tactics included targeting of the Company's customers through the use of the Company's marketing lists.

Whether S. Furman provided the Company's customer list to MASKC or diverted marketing resources from the Company to MASKC, LLC is disputed and subject to discovery. The preliminary investigation also indicates that there has been instances of actual confusion between the two brands, including customer inquiries regarding whether MASKC, LLC (or its products) were affiliated with or originated from the Company. The nature and extent of these instances of actual confusion is disputed and subject to discovery.

36. Given that the Company owns valid, registered trademark rights in MASQD and the similarities of MASKC, LLC's name and trademark, products, customers, and marketing channels *and* further in view of instances of actual confusion and MASKC, LLC's knowledge of the MASKC brand and purported misuse of the Company's customer lists and information, the Company appears to have viable causes of action for trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the Lanham Act) and the common law of the State of Florida (the "Trademark Claims"). The claims may include direct infringement against MASKC, LLC and its officers and directors and indirect (vicarious) infringement against S. Furman.

37. Pursuant to the Sale Order entered on February 12, 2021, the Receiver has, *inter alia*, the right to pursue the recovery of damages (including attorneys' fees and costs) for infringement occurring prior to the Closing (as defined in the Sale Order). Damages recoverable for the Trademark Claims include lost profits, disgorgement of the infringer's profits, statutory damages, costs, and attorneys' fees. An analysis of the amount of damages is ongoing and is subject to further discovery. The Receiver intends to pursue the Lanham Act claims. The Receiver has requested a fee proposal from intellectual property counsel to the Company and will also request a fee proposal from her general counsel, Berger Singerman LLP.

Dated: March 17, 2021                                  Respectfully submitted,

                                                       *s/ Marta Alfonso*
                                                       Marta Alfonso, Receiver

                                                       **BERGER SINGERMAN, LLP**
                                                       *Counsel for the Receiver*
                                                       1450 Brickell Ave., Ste. 1900
                                                       Miami, Florida 33131
                                                       Telephone: (305) 755-9500
                                                       Fax: (305) 714-4340

                                                       By: *s/ Jordi Guso*
                                                       Paul Steven Singerman
                                                       Florida Bar No. 378860
                                                       Jordi Guso
                                                       Florida Bar No. 863580
                                                       DRT@bergersingerman.com
                                                       Singerman@bergersingerman.com
                                                       Jguso@bergersingerman.com
                                                       MDiaz@bergersingerman.com
                                                       Fsellers@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2021, a copy of the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send electronic notification of the above filing uupon all parties listed on the Service List.

                                                       By: *s/ Jordi Guso*
                                                       Jordi Guso

## SERVICE LIST

**BAILEY DUQUETTE, PC**
Barbara J. Riesberg, Esq.
First Citizens Bank Tower, Suite 1100
2601 S Bayshore Dr
Miami, FL 33133-5417
Phone: (305) 371-9617
Fax:    (305) 441-8849
barbara@baileyduquette.com
daisy@baileyduquette.com
*Co-counsel for Allora Holdings LLC, for itself and derivatively as a member on behalf of MasQd LLC*

**MARCO & SITARAS, PLLC**
Gerasimos Liberatos, Esq.
George Sitaras, Esq.
Richard Diorio, Esq.
200 Liberty Street, 27th Floor
New York, NY 10281
Phone: (212) 430-6410
liberatos@gmgslaw.com
george@gmgslaw.com
richard@gmgslaw.com
*Counsel for Defendants*

The Honorable Michael A. Hanzman
Section: CA 43
Complex Business Litigation Division
Dade County Courthouse
73 West Flagler Street, Room: DCC 416
Miami, Florida 33130
Email: cb143@jud11.flcourts.org
*Pursuant to Eleventh Judicial Circuit of Florida, Circuit Civil Division, Complex Business Litigation Rule 2.2*

**ZUMPANO PATRICIOS & POPOK, PLLC**
Michael S. Popok, Esq.
417 Fifth Avenue, Suite 826
New York, New York 10016
Ph: (212) 542-2564
Email: mpopok@zplaw.com
ppaganelli@zplaw.com
*Co-counsel for Defendants/Counter-Claimants*

**PIERCE LAW GROUP, LLP**
David A. Pierce, Esq.
John R. Baldivia, Esq.
Suite 225 East Tower
9100 Wilshire Boulevard
Beverly Hills, California 90212
Office: (310) 274-9191 ext. 226
Fax: (310) 274-9151
john@piercellp.com
david@piercellp.com
*Co-counsel for Allora Holdings LLC, for itself and derivatively as a member on behalf of MasQd LLC*

**SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.**
Michael F. Barzyk, Esq.
1776 East Sunrise Blvd.
Fort Lauderdale, FL 33304
Telephone: 954-765-1001
Facsimile: 954-765-1005
mbarzyk@smsms.com
mfbpleadings@smsm.com
ymones@smsm.com
*Counsel for Defendants*

**KOZYAK TROPIN & THROCKMORTON, LLP**
David L. Rosendorf, Esq.
2525 Ponce de Leon Boulevard, Ninth Floor
Miami, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
dlr@kttlaw.com
rcp@kttlaw.com
*Counsel for Intervenor Sewby LLC*

**ZUMPANO PATRICIOS, P.A.**
Yohania T. Santana, Esq.
312 Minorca Avenue
Coral Gables, Florida 33134
Ph: (305) 444-5565
ysantana@zplaw.com
cjlevy@zplaw.com
*Co-counsel for Defendants/Counter-Claimants*

## Exhibit A

**Summary of Estate's Assets and Liabilities**

**MASQD LLC**
**Statement of Net Assets of the Estate**
**as of March 17, 2021**

|  | Pre-Receivership | Post Receivership Agreed | In Dispute | Total |
|---|---|---|---|---|
| **ASSETS** | | | | |
| Bank Accounts | | 1,482,391 | | 1,482,391 |
| Due from Zulily | | 6,545 | | 6,545 |
| **TOTAL ASSETS** | $         - | $ 1,488,936 | $         - | $ 1,488,936 |
| | | | | |
| **LIABILITIES** | | | | |
| **Receiver and Her Professionals (a)** | | | | |
| Receiver | | 127,000 | | 127,000 |
| MBAF | | 307,115 | | 307,115 |
| Berger Singerman | | 114,710 | | 114,710 |
| RBB Communication | | 4,000 | | 4,000 |
| | | | | |
| **Other Liabilities** | | | | |
| Nassau Consulting | | 1,110 | | 1,110 |
| Sewby | 1,826,662 | 470,646 | 117,195 | 2,414,503 |
| Contractors | | 696 | | 696 |
| M&V Accounting | | 480 | | 480 |
| Athetic Gear | 45,350 | | | 45,350 |
| American Express ▮▮▮ | 385,188 | | | 385,188 |
| Due to Jaleh Factor | 145,230 | | | 145,230 |
| Due to Allora | 47,207 | | | 47,207 |
| Sales Tax Liability (b) | 865,775 | 94,104 | | 959,879 |
| | $ 3,315,413 | $ 1,119,861 | $ 117,195 | $ 4,552,469 |
| | | | | |
| **NET ASSETS (DEFICIT) of the Estate** | $ (3,315,413) | $ 369,075 | $ (117,195) | $ (3,063,533) |

(a) as of February 28, 2021.
(b) excluding accumulating interest and penalties.

## Exhibit B

**Summary of Improper Distributions**

Summary of Member Distributions
from April 1, 2020 to Febraury 22, 2021
MasQd, LLC

Source: MasQd, LLC General Ledger

| Date | Wire/Check | Allora Holdings, LLC | Wire/Check | Ilon Consulting, Inc. | Wire/Check | Diana Furman | Total |
|---|---|---|---|---|---|---|---|
| 4/28/2020 | | $    - | OLT 6287 | 180,000 | | | $    180,000 |
| 4/28/2020 | | | OLT 6075 | 20,000 | | | 20,000 |
| 4/29/2020 | Wire N37 | 200,000 | | | | | 200,000 |
| April 30, 2020 Cum | | 200,000 | | 200,000 | | - | 400,000 |
| | | | | | | | |
| 5/8/2020 | | | OLT 6287 | 315,000 | | | 315,000 |
| 5/11/2020 | Wire X21 | 350,000 | | | | | 350,000 |
| 5/12/2020 | | | | | Check 7369 | 35,000 | 35,000 |
| 5/19/2020 | Wire 347 | 326,000 | OLT 6287 | 297,676 | Wire 40VR | 32,600 | 656,276 |
| 5/21/2020 | | | OLT 6287 | 1,000 | Check 5918 | 32,400 | 33,400 |
| May 31, 2020 Cum | | 876,000 | | 813,676 | | 100,000 | 1,789,676 |
| | | | | | | | |
| 6/2/2020 | Wire 388 | 324,000 | OLT 6287 | 292,501 | | | 616,501 |
| 6/30/2020 | Wire 121 | 85,000 | OLT 6287 | 21,618 | | | 106,618 |
| June 30, 2020 Cum | | 1,285,000 | | 1,127,795 | | 100,000 | 2,512,795 |
| | | | | | | | |
| 7/8/2020 | | | | | Check 4606 | 8,500 | 8,500 |
| 7/10/2020 | Check 1084 | 75,000 | OLT 6287 | 67,500 | | | 142,500 |
| 7/13/2020 | | | | | Check 1101 | 7,500 | 7,500 |
| 7/17/2020 | | | OLT 6287 | 67,500 | | | 67,500 |
| 7/20/2020 | Check 1086 | 75,000 | | | Check 1002 | 7,500 | 82,500 |
| 7/20/2020 | Check 1088 | 90,000 | | | | | 90,000 |
| 7/24/2020 | | | OLT 6287 | 81,000 | | | 81,000 |
| 7/29/2020 | | | | | Check 1003 | 9,000 | 9,000 |
| 7/30/2020 | Wire XOH | 89,910 | | | | | 89,910 |
| 7/31/2020 | Check 1089 | 80,000 | OLT 6287 | 72,000 | | | 152,000 |
| July 31, 2020 Cum | | 1,694,910 | | 1,415,795 | | 132,500 | 3,243,205 |

Summary of Member Distributions
from April 1, 2020 to Febraury 22, 2021
MasQd, LLC

Source: MasQd, LLC General Ledger

| Date | Wire/Check | Allora Holdings, LLC | Wire/Check | Ilon Consulting, Inc. | Wire/Check | Diana Furman | Total |
|---|---|---|---|---|---|---|---|
| 8/3/2020 | | | | | Check 1104 | 8,000 | 8,000 |
| 8/7/2020 | | | OLT 6287 | 58,500 | | | 58,500 |
| 8/10/2020 | Check 1090 | 65,000 | | | | | 65,000 |
| 8/11/2020 | | | | | Check 1105 | 6,500 | 6,500 |
| 8/14/2020 | | | OLT 6287 | 103,500 | Check 1106 | 11,500 | 115,000 |
| 8/18/2020 | Check 1093 | 115,000 | | | | | 115,000 |
| 8/21/2020 | Check 1094 | 200,000 | OLT 6287 | 225,000 | | | 425,000 |
| 8/25/2020 | Wire C7F | 50,000 | | | Check 1107 | 25,000 | 75,000 |
| 8/28/2020 | | | OLT 6287 | 135,000 | | | 135,000 |
| August 31, 2020 Cum | | 2,124,910 | | 1,937,795 | | 183,500 | 4,246,205 |
| | | | | | | | |
| 9/1/2020 | Wire 89TL | 150,000 | Wire 2WY7 | 17,000 | Wire 4AYS | 15,000 | 182,000 |
| 9/4/2020 | Wire 696V | 125,000 | OLT 6287 | 112,500 | | | 237,500 |
| 9/8/2020 | | | | | Check 1108 | 12,500 | 12,500 |
| 9/11/2020 | Wire 40ZD | 115,000 | OLT 6287 | 104,500 | Check 1109 | 11,500 | 231,000 |
| September 30, 2020 Cum | | $ 2,514,910 | | 2,171,795 | | 222,500 | $ 4,909,205 |
| Amount Distributed | | 51% | | 44% | | 5% | 100% |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. I am an employee of Law Offices of Wesley H. Avery, APC, and my business address is 758 E. Colorado Blvd. Ste. 210, Pasadena, CA 91101. A true and correct copy of the foregoing document entitled (*specify*): **Motion** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 27, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery**    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Sandford L. Frey**    sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com;rsokol@leechtishman.com;kgutierrez@leechtishman.com
- **Robert M Saunders**    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- **Charles Shamash**    cs@locs.com, generalbox@locs.com
- **Jeffrey L Sumpter**    jsumpter1@cox.net
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Timothy Yoo (TR)**    tjytrustee@lnbyg.com, tjy@trustesolutions.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 27, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 27, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/27/21 | Alexandria Fitzpatrick | /s/ Alexandria Fitzpatrick |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing          Allora Holdings, LLC                     MENCHACA & COMPANY LLP CPA
0973-2                                   2431 Santa Fe Avenue                     Attn: Jeffrey Sumpter
Case 2:21-bk-15204-BB                    Los Angeles, CA 90058-1113               835 WILSHIRE BLVD., STE. 300
Central District of California                                                    LOS ANGELES, CA 90017-2655
Los Angeles
Mon Dec 27 14:26:33 PST 2021

Los Angeles Division                     Bailey Duquette P.C.                     Barbara J. Riesberg, Esq.
255 East Temple Street,                  150 SE 12th Street                       Bailey Duquette, PC
Los Angeles, CA 90012-3332               Suite 300                                First Citizens Bank Tower Ste 1100
                                         Ft. Lauderdale, FL 33316                 2601 South Bayshore Drive
                                         Fort Lauderdale, FL 33316-1849           Miami, FL 33133-5417


Biothread, LLC                           David A. Pierce, Esq.                    David L Rosendorf, Esq.
208 Upland Way                           Pierce Law Group, LLP                    Kozyak Tropin & Throckmorton, LLP
Wayne, PA 19087-4810                     9100 Wilshire Boulevard                  2525 Ponce de Leon Boulevard
                                         Suite 225 East Tower                     Ninth Floor
                                         Beverly Hills, CA 90212-3458             Miami, FL 33134-6039


Fadi K. Rasheed, Esq.                    Franchise Tax Board                      Gearsimos Liberatos, Esq.
Leech Tishman                            Bankruptcy Section MS A340               Marco & Sitaras, PLLC
2041 Rosecrans Avenue                    PO BOX 2952                              200 Liberty Street
Suite 300                                Sacramento CA 95812-2952                 27th Floor
El Segundo, CA 90245-4795                                                         New York, NY 10281-1076


George Sitaras, Esq.                     Ilon Consulting Corporation, S Furman, D Fur  Internal Revenue Service
Marco & Sitaras, PLLC                    George Sitaras, Esq.                     P.O. Box 7346
200 Liberty Street, 27th Floor           Marco & Sitaras, PLLC                    Centralizied Bankruptcy
New York, NY 10281-1076                  200 Liberty Street, 27th Floor           Philadelphia, PA 19101-7346
                                         New York, NY 10281-1076


Jordi Guso, Esq.                         Marta Alfonso, Esq.                      Marta Alfonso, as Receiver for MASQD, LLC
Berger Singerman, LLP                    Morrison Brown Argiz & Farra             1450 Brickell Avenue
1450 Brickell Avenue                     1450 Brickell Avenue                     18th Floor
Suite 1900                               18th Floor                               Miami, FL 33131-3444
Miami, FL 33131-5319                     Miami, FL 33131-3444


Michael F. Barzyk, Esq.                  Sandford L. Frey, Esq.                   Slava Furman
Segal McCambridge                        Leech Tishman Fuscaldo & Lampl Inc.      3535 South Ocean Drive
1776 East Sunrise Boulevard              200 South Robles Avenue                  Unit 2705
Fort Lauderdale, FL 33304-3067           Suite 210                                Hollywood, FL 33019-4206
                                         Pasadena, CA 91101


US Attorney's Office Civil Process       USDOJ Attorney General                   United States Trustee (LA)
300 North Los Angeles Street             P.O. Box 683                             915 Wilshire Blvd, Suite 1850
Federal Builiding Room 7516              Ben Franklin Station                     Los Angeles, CA 90017-3560
Los Angeles, CA 90012-3308               Washington, DC 20044-0683



Jordi Guso                               Michael Jay Berger                       Timothy Yoo (TR)
Berger Singerman, LLP                    9454 Wilshire Blvd 6th Fl                Levene Neale Bender Yoo & Golubchik
1450 Brickell Avenue                     Beverly Hills, CA 90212-2937             2818 La Cienega Avenue
Suite 1900                                                                        Los Angeles, CA 90034-2645
Miami, FL 33131-5319
```

              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF        (u)Law Offices of Wesley H. Avery, APC        (u)Ilon Consulting Corporation

(u)Diana Furman        (u)Interested Party        (u)Slava Furman

End of Label Matrix
Mailable recipients    26
Bypassed recipients     6
Total                  32