Wesley H. Avery, Esq. CLS-B (SBN 155724)
Lucy A. Mavyan (SBN 260811)
**LAW OFFICES OF WESLEY H. AVERY, APC**
758 E. Colorado Blvd. Ste. 210
Pasadena, CA 91101-2105
(626) 395-7576 (office)
(661) 430-5467 (fax)
wavery@thebankruptcylawcenter.com

Attorney for Timothy Yoo, chapter 7 trustee

*Fortis est veritas*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALLORA HOLDINGS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>TID 82-2007583 | Case No. 2:21-bk-15204-BB<br>Chapter 7<br><br>**TRUSTEE'S NOTICE OF MOTION AND MOTION TO SELL FREE AND CLEAR OF LIENS CLAIMS HELD BY THE ESTATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF [11 U.S.C. §§ 363(f), Fed. R. Bankr. P. 6004 and LBR 6004-1(c)]**<br><br>Date:  October 12, 2022<br>Time:  10 a.m.<br>Place:  U.S. Courthouse<br>          Courtroom 1568<br>          255 E. Temple Street<br>          Los Angeles. CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND OTHER PARTIES IN INTEREST:**

P**LEASE TAKE NOTICE** that Timothy Yoo ("Yoo"), the duly appointed and acting chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Allora Holdings, LLC, a Delaware limited liability company, (the "Debtor"), in Case No. 2:21-bk-15204-BB (the "Bankruptcy Case"), will move (the "Motion ") at the time, date and courtroom stated above (the "Sale Hearing"), for the issuance of an order of the Court approving that Purchase and Sale Agreement (the "Agreement") a true and correct copy of which is attached hereto and incorporated herein as **Exhibit 1**, of which the signatories and parties are the Trustee as the Seller,

1    and Ilon Consulting Corporation, a Florida corporation ("Ilon" or "Buyer") as the buyer, by which

2    the Trustee will sell (the "Sale") free and clear of liens to the Buyer all claims (the "Claims") held

3    by the Estate against Sewby LLC, a California limited liability company, Biothread, LLC, a

4    Pennsylvania LLC and Ms. Jaleh Factor, an individual (collectively, the "Factor Parties") for at least

5    $60,000.00 (the "Sale Proceeds" or "Purchase Price"), on an "as is, where is" basis, without any

6    warranties either expressed or implied, and without any contingencies, pursuant to 11 U.S.C. §

7    ("Section") 363(f), Fed. R. Bankr. P. 6004 and LBR 6004-1(c).

8      **PLEASE TAKE FURTHER NOTICE** that the Trustee has conducted a UCC-1 search and

9    has found no liens or encumbrances against the Claims. See Declaration of the Trustee, attached

10   hereto and incorporated herein, at ¶ 3 (the "Trustee's Declaration").  Furthermore, no liens or

11   encumbrances against the Claims were scheduled by the Debtor. Id.  The Debtor scheduled the

12   Claims as having a value of "unknown" as to Biothread or were otherwise omitted as to Factor and

13   Sewby.  Based on the Declaration of Jeffrey Sumpter, Esq., CPA, which is attached hereto and

14   incorporated herein (the "Sumpter Declaration"), the Trustee has determined that the Claims have a

15   fair market value is approximately $60,000.00.  The Trustee therefore believes that the Sale in the

16   amount of at least $60,000.00 is in the best interests of the Estate.

17     **PLEASE TAKE FURTHER NOTICE** that the Motion further requests that this Court shall

18   retain jurisdiction to: (i) enforce and implement the terms and provisions of the Agreement, all

19   amendments thereto, any waivers and consents thereunder, and any other supplemental documents

20   or agreements executed in connection therewith or the Escrow; (ii) compel delivery and payment of

21   the consideration provided for under the Agreement; and (iii) resolve any disputes, controversies or

22   claims arising out of or relating to the Agreement.

23     **PLEASE TAKE FURTHER NOTICE** that the Motion further requests that Ilon or a

24   successful overbidder be found to be a good faith purchaser pursuant to Section 363(m). This relief

25   under Section 363(m) should be granted as the Sale is an arm's length transaction, no consideration

26   is being paid by Ilon to the Trustee for the Claims other than the Sales Proceeds and there is no

27   collusion between the Trustee and Ilon. See Trustee's Declaration at ¶ 4.

28

1    **PLEASE TAKE FURTHER NOTICE** that the Motion further requests that the Trustee

2    be authorized, empowered, and directed to: (i) perform under, consummate, and implement the

3    Agreement; (ii) execute all additional instruments and documents that may be reasonably necessary

4    or desirable to implement the Agreement and the transactions contemplated thereby; (iii) take all

5    further actions as may be necessary or appropriate for the purpose of assigning, transferring,

6    granting, conveying, or transferring the Claims as contemplated by the Agreement; and (iv) take

7    such other and further steps as are contemplated by the Agreement or reasonably required to fulfill

8    the Trustee's obligations under the Agreement, all without further order of this Court.  The Motion

9    further requests that the 14-day stay of Fed. R. Bankr. P. 6004(h) be waived.

10    **PLEASE TAKE FURTHER NOTICE** that the Sale is subject to overbid.  Overbids are

11    requested to be in increments of $5,000.00 with the first overbid in the amount of $65,000.  The

12    Sale to an overbidder must close within thirty (30) days of the entry of the order granting the Motion.

13    The Motion further requests that any overbidder tender a bid deposit of $65,000.00 to the Trustee's

14    counsel (whose contact information appears in the upper left-hand corner of the first page of this

15    notice) in the form of certified funds payable to the Trustee at least five (5) calendar days before the

16    Sale Hearing.  The Trustee has the right to reject any offers if not satisfied with the proof of the

17    ability of said bidders to close the Sale unconditionally.  In the event that said overbidder is approved

18    by the Court to be the Buyer pursuant to the Sale of the Claims, then said overbidder is purchasing

19    the Claims on the exact terms set forth in the Agreement except for the overbid Purchase Price; the

20    bid deposit tendered by that overbidder shall be deemed non-refundable unless the Seller is unable

21    to perform under the Agreement.

22    **PLEASE TAKE FURTHER NOTICE** that at the Sale Hearing the Trustee will ask for

23    Court approval of an alternative bidder if the Buyer does not close the Sale within thirty (30) days

24    of the entry of the order approving the Motion.

25    **PLEASE TAKE FURTHER NOTICE** that in conformity with Loc. Bankr. R. 6004-2,

26    these proposed bidding terms have been included in the Notice of Sale of Estate Claims posted with

27    the Clerk of the Court, a true and correct copy of which is attached hereto and incorporated herein

28

1 | as **Exhibit 2**.

2 | **PLEASE TAKE FURTHER NOTICE** that Loc. Bankr. R. 9013-1(f) requires any response

3 | to the Motion to be in writing, filed with the Clerk of the United States Bankruptcy Court, United

4 | States Bankruptcy Court, 255 E. Temple Street, Los Angeles, CA 90012 (the "Clerk's Office"), and

5 | served upon Trustee's bankruptcy counsel, whose address appears in the upper left corner of the first

6 | page of this Notice of Motion, no later than fourteen (14) days prior to the above-scheduled hearing

7 | date.  Pursuant to Loc. Bankr. R. 9013-1(h), failure to timely file and serve a responsive pleading

8 | may be deemed to constitute consent to the instant request herein.  Copies of all pleadings in the

9 | Debtor's Chapter 7 case may be obtained from the Clerk's Office.

10 | Date: September 20, 2022

**LAW OFFICES OF WESLEY H. AVERY, APC**

Wesley H. Avery, Esq.
Attorney for Timothy Yoo
Chapter 7 Trustee

4

## MOTION

The Trustee hereby moves as follows:

1.      The Trustees requests that the Agreement be approved, and that the Court authorize that the Claims be sold for at least $60,000.00 on an "as is, where is" basis, free and clear of liens, without any warranties either expressed or implied, and without any contingencies, pursuant to Sections 363(f), Fed. R. Bankr. P. 6004 and LBR 6004-1(c).

2.      The Trustee further requests that Ilon or a successful overbidder be found to be a good faith purchaser pursuant to Section 363(m).

3.      The Trustee further requests that he be authorized, empowered, and directed to: (i) perform under, consummate, and implement the Agreement; (ii) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby; (iii) take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting, conveying, or transferring the Claims as contemplated by the Agreement; and (iv) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of this Court.  The Motion further requests that the 14-day stay of Fed. R. Bankr. P. 6004(h) be waived.

4.      The Trustee further requests that the Sale be subject to overbid as follows: Overbids are requested to be in increments of $5,000.00 with the first overbid in the amount of $65,000.  The Sale to an overbidder must close within thirty (30) days of the entry of the order granting the Motion. The Motion further requests that any overbidder tender a bid deposit of $65,000.00 to the Trustee's counsel (whose contact information appears in the upper left-hand corner of the first page of this notice) in the form of certified funds payable to the Trustee at least five (5) calendar days before the Sale Hearing.  The Trustee has the right to reject any offers if not satisfied with the proof of the ability of said bidders to close the Sale unconditionally.  In the event that said overbidder is approved by the Court to be the Buyer pursuant to the Sale of the Claims, then said overbidder is purchasing the Claims on the exact terms set forth in the Agreement except for the overbid Purchase Price; the

1    bid deposit tendered by that overbidder shall be deemed non-refundable unless the Seller is unable

2    to perform under the Agreement.

3         5.     The Trustee further requests for Court approval of an alternative bidder if the Buyer

4    does not close the Sale within thirty (30) days of the entry of the order approving the Motion.

5         The Motion is based on the attached notice of the Motion, the attached Memorandum of

6    Points and Authorities, the attached declarations, the attached exhibits, and the pleadings on file in

7    the Debtor' bankruptcy case.  The Motion is made pursuant to Sections 363(f), Fed. R. Bankr. P.

8    6004 and LBR 6004-1(c).

9         **WHEREFORE**, the Trustee respectfully requests that the Court issue an order granting

10   the Motion and approving the Agreement.

11

12   Date: September 20, 2022          **LAW OFFICES OF WESLEY H. AVERY, APC**

13

14                       Wesley H. Avery, Esq.
                         Attorney for Timothy Yoo

15                       Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

A sale of property owned by a Debtor will be allowed under Section 363 if the estate has equity in the property and the sale is in the best interest of the estate. See Union Bank v. Bloor (In re Investors Funding Corporation of New York) 592 F.2d 134, 135 (2nd Cir. 1979) cert. denied 444 U.S. 830 (1979). As discussed *supra*, the Trustee believes that the Purchase Price of at least $60,000.00 is the approximate fair market value of the Property, and that acceptance of the Agreement is in the best interests of the Estate. Relief should be granted under Section 363(f) as there are no liens against the Claims. See Trustee's Declaration at ¶ 3.

The Motion further requests that Ilon or a successful overbidder be found to be a good faith purchaser(s) pursuant to Section 363(m). The good faith requirements under Section 363(m) focuses primarily on the disclosure of all material sale terms and the absence of fraud or collusion. See Cumberland Farms Dairy, Inc. v. Abbots Dairies of Pennsylvania, Inc.(In re Abbotts Dairies of Pennsylvania, Inc.), 788 F.2d 143, 147 (3rd Cir. 1986). This relief under Section 363(m) should be granted as the Sale is an arm's length transaction, no consideration is being paid by the Buyer to the Trustee for the Claims other than the Sales Proceeds, the Sales Proceeds constitute the approximate fair market value of the Property, and there is no collusion between the Trustee and the Buyer. See Declaration of the Trustee at ¶ 4. Pursuant to Section 363(m), the Court should therefore find that the Sale has been entered into in good faith.

Date: September 20, 2022

LAW OFFICES OF WESLEY H. AVERY, APC

_____
Wesley H. Avery, Esq.
Attorney for Timothy Yoo
Chapter 7 Trustee

**DECLARATION**

I, Timothy Yoo, declare:

1.     I am the duly appointed and acting chapter 7 trustee (the "Trustee" or "Seller") of the bankruptcy estate (the "Estate") of Allora Holdings, LLC, a Delaware limited liability company, (the "Debtor"), in Case No. 2:21-bk-15204-BB (the "Bankruptcy Case"). I have personal knowledge, information or belief of the facts set forth below, and, if called as a witness, could competently testify thereto under oath.

2.     This declaration is made in support of the attached motion (the "Motion") which shall be heard on October 12, 2022 at 10:00 a.m. in Courtroom 1568 of the Bankruptcy Court located at 255 E. Temple Street, Los Angeles, CA 90012 (the "Sale Hearing"). Through the Motion, I move that the Court issue an order approving that Purchase and Sale Agreement (the "Agreement") a true and correct copy of which is attached hereto and incorporated herein as **Exhibit 1**, of which the signatories and parties are the Trustee as the Seller and Ilon Consulting Corporation, a Florida corporation ("Ilon" or "Buyer") as the buyer, by which I will sell (the "Sale") free and clear of liens to the Buyer all claims (the "Claims") held by the Estate against Sewby LLC, a California limited liability company, Biothread, LLC, a Pennsylvania LLC and Ms. Jaleh Factor, an individual (collectively, the "Factor Parties") for at least $60,000.00 (the "Sale Proceeds" or "Purchase Price"), on an "as is, where is" basis, without any warranties either expressed or implied, and without any contingencies, pursuant to 11 U.S.C. § ("Section") 363(f), Fed. R. Bankr. P. 6004 and LBR 6004-1(c).

3.     I have caused to be conducted a UCC-1 search that found no liens or encumbrances against the Claims. Furthermore, no liens or encumbrances against the Claims were scheduled by the Debtor. The Debtor scheduled the Claims as having a value of "unknown" as to Biothread or were otherwise omitted as to Factor and Sewby. Based on the Declaration of Jeffrey Sumpter, Esq., CPA, which is attached hereto and incorporated herein (the "Sumpter Declaration"), I have determined that the Claims have a fair market value is approximately $60,000.00. I therefore believe that the Sale in the amount of at least $60,000.00 is in the best interests of the Estate.

4.      The Motion further requests that Ilon or a successful overbidder be found to be a good faith purchaser pursuant to Section 363(m).  This relief under Section 363(m) should be granted as the Sale is an arm's length transaction, no consideration is being paid by Ilon to the Trustee for the Property other than the Sales Proceeds and there is no collusion between the Trustee and Ilon.

5.      The Motion further requests that the Trustee be authorized, empowered, and directed to: (i) perform under, consummate, and implement the Agreement; (ii) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby; (iii) take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting, conveying, or transferring the Property as contemplated by the Agreement; and (iv) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of this Court.  The Motion further requests that the 14 day stay of Fed. R. Bankr. P. 6004(h) be waived.

6.      The Sale is subject to overbid.  Overbids are requested to be in increments of $5,000.00 with the first overbid in the amount of $65,000.  The Sale to an overbidder must close within thirty (30) days of the entry of the order granting the Motion.  The Motion further requests that any overbidder tender a bid deposit of $65,000.00 to the Trustee's counsel (whose contact information appears in the upper left-hand corner of the first page of this notice) in the form of certified funds payable to the Trustee at least five (5) calendar days before the Sale Hearing, together with written proof of the ability to close the Escrow unconditionally in a form acceptable to the Trustee.  The Trustee has the right to reject any offers if not satisfied with the proof of the ability of said bidders to close the Sale unconditionally.  In the event that said overbidder is approved by the Court to be the Buyer pursuant to the Sale of the Property, then said overbidder is purchasing the Property on the exact terms set forth in the Agreement except for the overbid Purchase Price; the bid deposit tendered by that overbidder shall be deemed non-refundable unless the Seller is unable to perform under the Agreement.

7.      At the Sale Hearing my counsel shall ask for Court approval of an alternative bidder if the Buyer does not close the Sale within thirty (30) days of the entry of the order approving the Motion.  In conformity with Loc. Bankr. R. 6004-2, I am informed that these proposed bidding terms have been included in the Notice of Sale of Estate Property posted with the Clerk of the Court, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit 2.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of September 2022, at Los Angeles, California.

Timothy Yoo

I, Jeffrey L. Sumpter, declare:

**Introduction**

1.      I am a Managing Director at Menchaca & Company LLP ("M&C") and oversee managing this engagement for the firm. M&C has been engaged by the Trustee in the above-captioned bankruptcy case to provide financial advisory, expert witness, and consulting services.

2.      I am a Certified Public Accountant licensed in the states of Arizona and Nevada, am an attorney licensed in the state of California, and have been handling bankruptcy matters for clients, including trustees, as their CPA, expert witness, or attorney for over 35 years. The statements made herein are based upon my own personal knowledge, except as to those matters that are believed to be true based upon information and belief. As to those matters, I could and would testify competently thereto.

3.      The Debtor made distributions of $2,018,000 to Jaleh. Factor between 10/3/2019 and 9/15/2020, $531,300 to Sewby LLC between 10/5/2019 and 9/15/2020 and $44,117 to Biothread LLC on 4/2/2020 ((the "Distributions"). Jaleh Factor and the related entities, Sewby LLC and Biothread LLC are hereafter referred to as the Factor Parties. Ilon Consulting Corp. ("Ilon") has offered the Trustee $60,000 to acquire the bankruptcy estate's rights, if any, to recover the Distributions from the Factor Parties along with any other claims against the Factor Parties that the bankruptcy estate may hold, which the Trustee has accepted subject to overbid and Court approval (the "Ilon Offer"). The Trustee has requested that I give my opinions set forth herein to assist the Court in the determination as to whether the Ilon Offer is fair and equitable and in the best interest of the estate.

4.    I am submitting this declaration on behalf of the Trustee relative to my opinions set forth herein. All of my opinions are based on my education, training, experience, research, analysis and investigation of this case, and the opinions expressed are to a reasonable degree of certainty as a financial expert in the fields of accounting and bankruptcy, as more fully set forth in the following paragraphs. I understand that additional information may hereafter be provided to me for consideration or additional information may be discovered from documents provided thus far, and I reserve the right to refine or revise my opinions, if warranted, and prepare summaries, graphical exhibits, and charts.

**Summary and Opinions**

1.    I have analyzed the Distributions and other claims that the bankruptcy estate may have against the Factor Parties, and have performed related research. I have also analyzed the Receiver's Report regarding Potential Litigation Claims of the Company (MasQd, LLC) and Receivership Estate, filed on March 17, 2021; Verified Third Party Claims Against Sewby LLC, Jaleh Factor and MasQd LLC asserted by Ilon Consulting Corporation, Slava Furman and Diana Furman; the Debtor's general ledgers, bankruptcy petition and schedules; proof of claims filed in the Debtor's case; and other pleadings and records related to the Debtor's case. I have also consulted with the Trustee and his counsel and personnel of M&C. Based on my review of the documents produced and information provided to me for consideration and obtained through research, discussions with personnel of M&C and the Trustee and his counsel, and my analysis described herein, the following are my key opinions:

A.    The Ilon Offer does not fall below the lowest point in the range of

reasonableness.

B.    The Ilon Offer is fair and equitable and in the best interest of the estate.

**Basis for Expert Opinions**

A.    **Analysis.**

1.    As stated above, the Debtor made the Distributions of $2,018,000 to Jaleh. Factor between 10/3/2019 and 9/15/2020, $531,300 to Sewby LLC between 10/5/2019 and 9/15/2020 and $44,117 to Biothread LLC on 4/2/2020 which the Trustee could seek to avoid and recover under the Bankruptcy Code. The Receiver has also reported that $4,900,000 in improper distributions were made from the Company to the members, alleges that the Company was mismanaged by Jaleh Factor and S. Slava and alleges that they breached their fiduciary duty to the Company. The Debtor's bankruptcy estate holds a 50% ownership interest in the Company.

2.    From my review of the records and related information provided and analyzed by me thus far, it appears that the Trustee's claims against the Factor Parties are from receiving the Distributions and from the allegations as outlined in the Receiver's Report from the alleged mismanagement of the Company and $4,900,000 in improper distributions, which are potentially recoverable by the Receiver in the Company's pending Florida receivership for the benefit of creditors and other claimants in that matter.

3.    If the Trustee were to proceed to seek recoveries from the Factor Parties in the Debtor's present bankruptcy case, the litigation would involve very complex business litigation, expert witness and valuation skills and require significant discovery and forensic investigation and records reconstruction services, potentially costing the bankruptcy estate

3

hundreds of thousands of dollars in legal, accounting, and other professional fees and expenses. Each of the former managers of the Company, S. Slava and Ms. Factor, are apparently accusing each other of wrongdoing, claiming that the other one was mismanaging the Company. The Factor Parties could also assert affirmative defenses if the Trustee were to pursue the estate's claims against them. The litigation would likely cause a lengthy delay of at least 4 years in the administration of the case if the Trustee elected to pursue recoveries from the Factor Parties. This approach has an uncertain outcome, thereby causing both inconvenience and delay to the Debtor's creditors who would need to wait for a distribution, if any, at the end of the case. The Trustee's present proposed resolution avoids the potentially lengthy and expensive litigation process and provides a certain recovery for the bankruptcy estate now rather than waiting for an uncertain recovery at some point in the future. That coupled with the probability of success being speculative and potential collection difficulties even if the litigation were successful, the complexity, expense, inconvenience, and delay of the litigation, along with keeping the paramount interests of the Debtor's creditors in mind, illustrates that the Ilon Offer is above the lowest point in the range of reasonableness. Based on the forgoing, under the circumstances of the present case, the Ilon Offer is fair and equitable and in the best interest of the estate.

**Qualifications**

**Prior Expert Testimony**.

A.    **Deposition Testimony**

      1.    Fox v. Lichter (Los Angeles Superior Court – SC 062176)

4

2.    Gosnell v. Weingarten (San Diego Superior Court)

3.    Fisher v. Rubin (Seatel Hotels) (Los Angeles Superior Court)

4.    In re Unidial (Los Angeles Superior Court)

5.    In re Freedman (United States Bankruptcy Court – LA03-37738 TD; Adv. No. 05-02252 TD)

6.    Amino v. Guest-Tek (USDC – CV-07-1829)

7.    In re Shooting Star, LLC (United States Bankruptcy Court – Case No. 3:11-bk-02515-GBN; Adv. No. 3:13-ap-00106-GBN)

8.    Transportation Alliance Bank v. BancInsure, Inc. (USDC – District of Utah, Case No. 1:11-cv-00148-DAK)

9.    Greenwood v. Compucredit (USDC – Case No. 4:08-cv-4878)

10.    In re Santa Fe Medical Group, LLC ((United States Bankruptcy Court – Case No. Case No. 15-11247-t7 Adversary No. 16-01051-T)

11.    Southwest Holdings v. Ayers & Brown, (United States Bankruptcy Court, Case No. 2:14-bk-18253-EPB)

12.    In re Mihranian (United States Bankruptcy Court – Case No. 2:13-bk-39026-BR) - Expert declaration and deposition

13.    Adams Aviation Services, Inc. Trustee, et al., Plaintiffs, v. Lycon Inc. of Arizona, et al., Defendants (Superior Court of the State of Arizona, County of Maricopa - No. CV201S-006630).

14.    Brooks Building, Inc. v. McCarthy, et al., (Superior Court of the State of Arizona, County of Maricopa - No. CV2020-003155).

B. **Court Testimony**

    1.     In re Woods (United States Bankruptcy Court)

    2.     In re Unidial (Los Angeles Superior Court)

    3.     Fox v. Lichter (Los Angeles Superior Court – SC 062176)

    4.     Gosnell v. Weingarten (San Diego Superior Court)

    5.     Fisher v. Rubin (Seatel Hotels) (Los Angeles Superior Court)

    6.     In re Newman (United States Bankruptcy Court – LA03-36343 BR; Adv. No. 05-01494 BR)

    7.     In re Hany Malek (United States Bankruptcy Court and Los Angeles Superior Court – Case no. LC 083 095)

    8.     In re Gregory S. Hancock (United States Bankruptcy Court – 2-08-14253-GBN) – expert declaration

    9.     Kosmala v. Medali et al (In re Medali), Adv. No. 8:09-ap-01778-RK – Expert declaration

    10.    Greenwood v. Compucredit Corp., USDC – Case No. 4:08-cv-4878 – Expert declaration

    11.    In re GAF Management, LLC (United States Bankruptcy Court - Case No. 2:10-bk-11029 RN; Adv. No. 2:10-ap-1105 RN) – Expert declaration

    12.    In re Aniko Kaye (United States Bankruptcy Court - Case No. 2:09-bk-38287 BR) – Expert declaration

    13.    In re Aurora and Daniel Garoian (United States Bankruptcy Court - Case No. 2:10-bk-20883-EC)

6

14.     Forrest Sheppard v. Pishit S. Patel (USDC – District of Arizona – Case No. 3:11-cv-08146-NVM)

15.     In re Sanoho Development LLC USDC – Case No. 2:14-bk-25908 BB

16.     In re John Moore (United States Bankruptcy Court – Case No. 9:13-bk-10573-PC) – Expert declaration

17.     In re Southwest Holdings Group, LLC (United States Bankruptcy Court – Case No. 2:14-bk-18253-EPB) – Expert declaration

18.     In re Aspiazu (United States Bankruptcy Court – Case No. 2:14-bk-28392-ER and Adv. No. 2:15-ap-01052-ER)

19.     Christian Credit Counselors, Inc. v. Globaltribe International (Superior Court, State of California, County of San Diego) – Case No. 37-2014-00010267-CU-BC-CTL (Arbitration)

20.     In re Thomas (United States Bankruptcy Court - Case No. 2:12-bk-  28755-ER) – Expert declarations

21.     In re Mihranian (United States Bankruptcy Court – Case No. 2:13-bk-39026-BR)

22.     In re O'Connor (United States Bankruptcy Court – Case No. 2:14-bk-15018 BR) – Expert declaration

23.     In re Santa Fe Medical Group, LLC (United States Bankruptcy Court – Case No. 15-11247-t7; Adv. No. 16-01051-T)

24.     In re  State vs. Babbitt (Maricopa Co. Sup. Crt. No. CR2014-120137-001)

25.     In re Kody Branch of California, Inc. (United States Bankruptcy Court – Case No. 2:17-bk-23722-RK)

26.    In re Allora Holdings LLC (United States Bankruptcy Court – Case No. 2:21-bk-15204-BB) – Expert declaration

Publications

1.    The Witness Chair, "The Bankruptcy Employment and Fee Application Process," Summer 2002.

2.    California Society of Certified Public Accountants, "The Bankruptcy Employment and Fee Application Process," September 2002.

3.    American Bankruptcy Institute, "The Expectation Chasm; A Forensic Accountant's Approach," December 2002.

4.    AZ CPA, "Avoidance of a Secured Loan as a Fraudulent Conveyance," January 2014.

5.    Transaction Advisors, "Avoiding Fraudulent Conveyance," May 2014.

6.    AZ CPA, "Dealing with Daubert," September 2015.

7.    National Business Institute, "Substantive Consolidation – The Alternative Remedy," June 2016.

8.    Arizona ACFE, "Bankruptcy, Fraud and The Forensic Accountant's Roll," March 2022.

Compensation

The compensation to be paid for work performed by me and the professionals assisting me under my supervision is based upon the actual time expended at the standard hourly rates

8

for the individuals assigned to the engagement. Fees for my services are at the hourly rate of $535. Fees for other personnel are at hourly rates ranging from $200 to $535.

Biography

The following is a biographical outline of my professional qualifications:

Jeffrey L. Sumpter, CPA, JD, CIRA

Mr. Sumpter is a Managing Director of Menchaca & Company LLP. He has been a licensed attorney for over 30 years and a certified public accountant for over 35 years. He specializes in litigation support and consultation, bankruptcy case administration, business restructuring, real estate sales, Chapter 11 plan feasibility and liquidation analysis, solvency analysis, claim resolutions, distressed business valuations, taxation, fraud investigations, forensic accounting, avoidable transfer recoveries and asset tracing. He has experience working in the spheres of real estate, manufacturing, retail, transportation, telecommunications, construction, banking, government, trusts, restaurants, medical providers, hotels, gaming, insurance, entertainment and environmental.

Mr. Sumpter has experience in fiduciary administration, forensic investigations, economic damages, restructuring, reporting and consultation services in over 10,000 cases involving fraud, contract disputes, turnarounds, wage and hour disputes, records reconstruction, bankruptcy administration, accounting irregularities, fiduciary breaches, fraudulent transfers, solvency analysis, lost earnings, wrongful death, legal malpractice, punitive damages, and Ponzi schemes. He has represented businesses in out-of-court resolutions

as well as creditors, trustees, committees, and debtors in bankruptcy cases. He has been a Court appointed Chapter 11 trustee and examiner, and been engaged by school districts, real estate developers, hotels, casinos, insurance carriers, banks, trusts and pension, health and welfare plans in California, Nevada, and Arizona for audit, tax, contract compliance, and forensic engagements.

The following are some of the representative assignments Mr. Sumpter has performed and supervised over the past 30 years:

- Court appointed Chapter 11 trustee in Phoenix, Arizona, in consolidated real estate cases:  In re Wildmint 615, LLC and Rector 42, LLC (Case Nos. 2:06-bk-936 RTB and 2:06-bk-937 RTB).

- Provided forensic accounting services for a trust, to investigate and report on alleged misappropriations of assets involving numerous closely held business ventures. The businesses were primarily involved with commercial and residential real estate acquisition and financing, development and construction, along with casinos and loan transactions with the various businesses and individual family members. Upon conclusion of the investigation, over $40,000,000 in alleged asset misappropriations had been discovered.

- Provided litigation advisory, investigation, and expert witness services relative to punitive damages phase of multi-million-dollar real estate development breach of fiduciary duty litigation. Engagement required detailed analysis of the defendants' business and personal records, preparation of schedules of assets,

liabilities, income and net worth for trial testimony, consultation with counsel relative to disputed discovery requests and opposing expert's deposition, and expert witness testimony at trial.

- Provided litigation advisory, investigation, and expert witness services relative to breach of contract litigation involving telecommunication network services for hotels across the United States and Canada. Engagement required detailed analysis of the hotel networks, financial records, opposing expert reports and related schedules, preparation of rebuttal report and expert testimony.

- Court-appointed examiner for a multi-million-dollar hotel located in Phoenix, Arizona, to investigate and report on management services rendered, propriety of fees charged, and claims to litigation settlement proceeds by bankruptcy estate and secured creditor.

- Provided contract audit services for the Los Angeles Unified School District. Engagement involved over fifty different multi-million-dollar projects including cost incurred audits, due diligence investigations, CAM audits, cost surveys and performance audits requiring reporting under GAGAS.

- Provided expert witness testimony involving a multi-million-dollar estate, with fraudulent divorce, family trust and related transfers of real estate and stock ownership of a supermarket in Southern California that catered to the entertainment industry. Engagement required detailed analysis of market operations and tracing of personal and business transfers. Provided expert testimony to establish fraudulent divorce and recover fraudulent transfers.

- Engaged to provide expert witness testimony involving real estate fraud and

11

transfer avoidance litigation and the reasonableness of a $3.5 million settlement offer. Engagement required in depth analysis of real estate valuations, liens, bank account transfers, litigation costs, statute of limitations, tax ramifications, and affirmative defenses, and required preparation of related expert report and Court testimony.

- Provided litigation support services relative to fraudulent conveyance litigation over a $285 million acquisition of a workers compensation insurance company. Provided insolvency analysis and evaluated the debtor's receipt of less than reasonably equivalent value for the consideration paid and obligations assumed; analyzed the debtor's assets, liabilities, capital, and ability to pay debts as they matured; and prepared the corresponding expert witness report.

- Provided litigation advisory services and expert testimony involving a breach of fiduciary duty, accounting irregularities, corporate dissolution and fraud lawsuit involving a Los Angeles nightclub. Analyzed business records, prepared schedules relative to asset transfers, provided lost profit calculations, and provided expert witness testimony at trial.

- Engaged to provide litigation support in a fraud case involving several hundred defrauded investors in entities conspiring in various real estate scams, with assets exceeding $10 million. Analyzed business records and provided expert testimony for counsel to locate, recover and liquidate hidden assets, including $1 million in jewelry and funds transferred through other entities to foreign accounts.

- Engaged to evaluate all commercial real estate operational issues as well as

12

negotiate and implement a Chapter 11 reorganization plan. Integrally involved in litigation and subsequent settlement negotiations with secured creditor over cash collateral, valuation, cramdown, and plan feasibility issues.

- Analyzed bank lending transactions and traced intercompany transfers relative to $80 million fraudulent transfer litigation to support several defenses on behalf of a commercial bank. Successfully limited lender's liability through settlement.

- Provided expert testimony involving a multi-million-dollar airplane parts distribution corporation. Investigation uncovered in excess of $2,000,000 in disputed liens and avoidable transfers.

- Represented the Chapter 11 trustee of a tax shelter company involving over seven hundred defrauded investors. Oversaw the litigation of the disputed investor claims to the estate's property, including uranium mining rights in real property located in New Mexico, negotiated the sale of the estate's property, and obtained plan confirmation.

- Represented the trustee of a multi-million-dollar company involved in gold and silver bullion investment schemes. Oversaw the litigation of disputed investor claims of ownership to the bullion and liquidation of the estate's bullion reserves.

- Provided expert testimony relative to the bankruptcy estate's litigation to recover the estate's share of proceeds from settlements of lawsuits pending as of the petition date. Also engaged to provide litigation support relative to the recovery of hidden assets and avoidable transfers of estate assets.

Education

13

- B.B.A. – Business Administration, Accounting, Western Michigan University, magna cum laude, 1978
- J.D. - Juris Doctor, University of the Pacific, McGeorge School of Law, Order of the Coif, Prentice Hall Outstanding Tax Student, 1984

Professional Licenses and Memberships:

- Certified Public Accountant – Nevada and Arizona
- Certified Distressed Business Valuation Specialist
- Certified Bankruptcy Law Specialist
- Certified Insolvency and Restructuring Advisor
- Association of Insolvency and Restructuring Advisors
- American Institute of Certified Public Accountants
- Certified in Financial Forensics
- State Bar of California Bar

Professional Work Experience

- Menchaca & Company LLP – June 2021 to present
- CBIZ Valuation Group, LLC – November 2009 to June 2021
- Arizona State University (Associate Professor – Forensic Accounting) – January 2018 to March 2021
- Stonefield Josephson, Inc. – May 2003 to November 2009
- KPMG LLP – August 1998 to May 2003
- Biggs & Company – June 1996 to August 1998

14

- Tax Consulting Group – June 1994 to June 1996

- Danning, Gill, Diamond & Kollitz – September 1986 to June 1994

- Haight, Dickson, Brown & Bonesteel – September 1984 to September 1986

- Main, LeFranz & Company – June 1978 to August 1981


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September _15_, 2022 in Phoenix, Arizona.

_Jeffrey L. Sumpter_
Jeffrey L. Sumpter

15

Exhibit 1

Exhibit 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Wesley H. Avery, Esq. CLS-B (SBN 155724)<br>Lucy Mavyan, Esq. (SBN 260811)<br>LAW OFFICES OF WESLEY H. AVERY, APC<br>758 E. Colorado Blvd. Ste. 210<br>Pasadena, CA 91101-2105<br>(626) 395-7576 (office)<br>(661) 430-5467 (fax)<br>wavery@thebankruptcylawcenter.com | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Timothy Yoo, chapter 7 trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ALLORA HOLDINGS, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>TID 82-2007583<br><br>Debtor(s). | CASE NO.: 2:21-bk-15204-BB<br>CHAPTER: 7<br><br><br>**NOTICE OF SALE OF ESTATE PROPERTY** |
|---|---|

| **Sale Date:** 10/12/2022 | **Time:** 10:00 am |
|---|---|
| **Location:** Courtroom 1568, 255 E. Temple Street, Los Angeles CA 90012 | |

**Type of Sale:** ☒ Public   ☐ Private        **Last date to file objections:** 09/26/2022

**Description of property to be sold:**
All claims (the "Claims") held by the bankruptcy estate of Allora Holdings, LLC, against Sewby LLC, a California limited liability company, Biothread, LLC, a Pennsylvania LLC and Ms. Jaleh Factor, an individual

**Terms and conditions of sale:**
As is, where is, free and clear of liens and encumbrances, without any warranties either express or implied.  Overbidder must close within 30 days of the entry of the order approving the sale to the overbidder or the overbidder's bid deposit will be forfeited to the Bankruptcy Trustee.

**Proposed sale price:** $ 60,000.00

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 1                              **F 6004-2.NOTICE.SALE**

**Overbid procedure (*if any*):**

First overbid is $65,000; overbids are in increments of $5,000.  Bid deposit (non-refundable if winning bidder) of $65,000 has to be tendered to the Trustee's counsel at least five calendar days before the sale hearing on 10/12/22.

**If property is to be sold free and clear of liens or other interests, list date, time and location of hearing:**

See above.

**Contact person for potential bidders (*include name, address, telephone, fax and/or email address*):**

See the upper left hand corner of the first page of this form.

Date: 09/19/2022

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. I am an employee of Law Offices of Wesley H. Avery, APC, and my business address is 758 E. Colorado Blvd. Ste. 210, Pasadena, CA 91101. A true and correct copy of the foregoing document entitled (*specify*): **Motion** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 20, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery**   wes@averytrustee.com,
  lucy@averytrustee.com;alexandria@averytrustee.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Sandford L. Frey**   sfrey@leechtishman.com,
  lmoya@leechtishman.com;dmulvaney@leechtishman.com;rsokol@leechtishman.com;kgutierrez@leechtishman.com
- **Robert M Saunders**   rsaunders@pszjlaw.com, rsaunders@pszjlaw.com
- **Charles Shamash**   cs@locs.com, generalbox@locs.com
- **Jeffrey L Sumpter**   jsumpter1@cox.net
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Timothy Yoo (TR)**   tjytrustee@lnbyg.com, tjy@trustesolutions.net

☐ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On (*date*) September 20, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 20, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/20/22 | Lupe Castillo | /s/ Lupe Castillo |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:21-bk-15204-BB
Central District of California
Los Angeles
Tue Sep 20 10:37:28 PDT 2022

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Biothread, LLC
208 Upland Way
Wayne, PA 19087-4810

Fadi K. Rasheed, Esq.
Leech Tishman
2041 Rosecrans Avenue
Suite 300
El Segundo, CA 90245-4795

George Sitaras, Esq.
Marco & Sitaras, PLLC
200 Liberty Street, 27th Floor
New York, NY 10281-1076

Jordi Guso, Esq.
Berger Singerman, LLP
1450 Brickell Avenue
Suite 1900
Miami, FL 33131-5319

Michael F. Barzyk, Esq.
Segal McCambridge
1776 East Sunrise Boulevard
Fort Lauderdale, FL 33304-3067

Slava Furman
3535 South Ocean Drive
Unit 2705
Hollywood, FL 33019-4206

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Timothy Yoo (TR)
Levene Neale Bender Yoo & Golubchik
2818 La Cienega Avenue
Los Angeles, CA 90034-2645

Allora Holdings, LLC
2431 Santa Fe Avenue
Los Angeles, CA 90058-1113

Bailey Duquette P.C.
150 SE 12th Street
Suite 300
Ft. Lauderdale, FL 33316
Fort Lauderdale, FL 33316-1849

David A. Pierce, Esq.
Pierce Law Group, LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, CA 90212-3415

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Ilon Consulting Corporation, S Furman, D Fur
George Sitaras, Esq.
Marco & Sitaras, PLLC
200 Liberty Street, 27th Floor
New York, NY 10281-1076

Marta Alfonso, Esq.
Morrison Brown Argiz & Farra
1450 Brickell Avenue
18th Floor
Miami, FL 33131-3444

Mintz Group LLC
PO Box 9463
New York, NY 10087-9463

US Attorney's Office Civil Process
300 North Los Angeles Street
Federal Builiding Room 7516
Los Angeles, CA 90012-3308

Jordi Guso
Berger Singerman, LLP
1450 Brickell Avenue
Suite 1900
Miami, FL 33131-5319

MENCHACA & COMPANY LLP CPA
Attn: Jeffrey Sumpter
835 WILSHIRE BLVD., STE. 300
LOS ANGELES, CA 90017-2655

Barbara J. Riesberg, Esq.
Bailey Duquette, PC
First Citizens Bank Tower Ste 1100
2601 South Bayshore Drive
Miami, FL 33133-5417

David L Rosendorf, Esq.
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Boulevard
Ninth Floor
Miami, FL 33134-6039

Gearsimos Liberatos, Esq.
Marco & Sitaras, PLLC
200 Liberty Street
27th Floor
New York, NY 10281-1076

Internal Revenue Service
P.O. Box 7346
Centralized Bankruptcy
Philadelphia, PA 19101-7346

Marta Alfonso, as Receiver for MASQD, LLC
1450 Brickell Avenue
18th Floor
Miami, FL 33131-3444

Sandford L. Frey, Esq.
Leech Tishman Fuscaldo & Lampl Inc.
200 South Robles Avenue
Suite 210
Pasadena, CA 91101

USDOJ Attorney General
P.O. Box 683
Ben Franklin Station
Washington, DC 20044-0683

Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212-2937

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF                      (u)Law Offices of Wesley H. Avery, APC            (u)llon Consulting Corporation

(u)Diana Furman                      (u)Interested Party                              (u)Slava Furman

End of Label Matrix
Mailable recipients    27
Bypassed recipients     6
Total                  33